**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Chad Biggs, ) | No. CV11-330-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Town of Gilbert, a municipality; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently pending before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 11). The Court now rules on the Motion.

## **BACKGROUND**

Plaintiff Andrew Biggs used to be a police officer with the Town of Gilbert Police Department. On August 9, 2009, while off duty, Plaintiff was involved in an altercation with a shoplifter, Veronica Rodriguez, and her acquaintance, Therin Castillo, outside a Wal-Mart in Chandler, Arizona. At some point during the altercation, Plaintiff shot Castillo in the leg.

Shortly after the shooting, the Gilbert Police Leadership Association ("GPLA"), a labor union, offered to provide Plaintiff with legal counsel during the post-shooting investigation process, and Plaintiff accepted the offer. Both the Maricopa County Attorney's Office and the Arizona Peace Officer Standards and Training Board eventually cleared Plaintiff's actions in the shooting.

On December 15, 2009, the Town of Gilbert Police Department's internal review board conducted its own review of the internal investigation of the shooting. Thereafter, on December 17, 2009, Defendant Commander Buckland recommended that Plaintiff be terminated. The Town therefore held a pre-termination hearing on December 29, 2009. At the hearing, Defendant Gilbert Police Chief Dorn made the decision to demote Plaintiff to the position of a 911 Operator, rather than to fire him. Plaintiff's demotion took effect on January 4, 2010.

Pursuant to the Gilbert Personnel Rules and Town Policies, Plaintiff appealed his demotion on January 3, 2010. The hearing on his appeal was held on March 18, 19, and 24, 2010. On June 11, 2010, the hearing officer, Guy Parent, upheld Plaintiff's demotion. On July 19, 2010, Plaintiff filed a Special Action Petition in Maricopa County Superior Court challenging the hearing officer's decision to uphold his demotion.[1] On November 12, 2010, the Superior Court dismissed Plaintiff's Petition.

On September 22, 2010, Plaintiff served notice of claims, pursuant to A.R.S. §12-821.01, on Defendants. (1st Am. Compl. ¶73.) Plaintiff filed suit in state court on December 15, 2010. Defendants removed to this Court on February 18, 2011. Defendants filed the pending Motion for Judgment on the Pleadings on February 25, 2011.[2]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) is "functionally identical" to Rule 12(b)(6).

---

[1] The Court can take judicial notice of matters incorporated into the complaint and matters of public record, such as court filings and pleadings, without converting the Motion into a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)(internal citations omitted). The Court also may consider documents necessarily relied on in the complaint if the document's authenticity is not in question and there are no disputes as regarding the document's relevance. *Id*. (internal citations omitted).

[2] The Court granted Plaintiff's Motion to Amend Complaint (Doc. 26) to replace the Doe Defendants with the actual names of the nine Defendant spouses at the Rule 16 Scheduling Conference. (Doc. 28.) Because the amendment does not change the substance of the complaint, the Court will treat the pending Motion for Judgment on the Pleadings as if it was filed against the First Amended Complaint.

1  The same legal standard therefore applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, - - F.3d - -, 2011 WL 1053366, *11 n.4 (9th Cir. March 24, 2011); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

The standard for deciding Rule 12(b)(6) and Rule 12(c) motions has evolved since the Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, - - U.S. - -, 129 S.Ct. 1937 (2009).[3] To survive a motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at

---

[3]The Ninth Circuit Court of Appeals has applied *Iqbal* to Rule 12(c) motions. *Cafasso ex rel.*, - - F.3d - - , 2011 WL 1053366 at *11 n.4.

- 3 -

1  555). A complaint that offers nothing more than naked assertions will not suffice. To
2  survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if
3  accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at
4  1949. Facial plausibility exists if the pleader pleads factual content that allows the court to
5  draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.
6  Plausibility does not equal "probability," but plausibility requires more than a sheer
7  possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that
8  are 'merely consistent' with a defendant's liability, it 'stops short of the line between
9  possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

10  In deciding a motion to dismiss, the Court must construe the facts alleged in the
11  complaint in the light most favorable to the drafter of the complaint and must accept all
12  well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th
13  Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion
14  couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court may
15  dismiss a complaint for failure to state a claim for two reasons: 1) lack of a cognizable legal
16  theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica*
17  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## **STATE LAW CLAIMS**

19  Plaintiff has alleged five state law claims: Defamation, Injurious Falsehood, False
20  Light Invasion of Privacy, Interference with Business Relationship, and Intentional Infliction
21  of Emotional Distress. Defendants argue that all five state claims fail as a matter of law
22  because Plaintiff did not serve his notice of claim on Defendants in the time required by
23  A.R.S. §12-821.01(A).

24  People who have claims against a public entity or a public employee acting within the
25  scope of her employment must file a notice of claim on that entity and/or employee within
26  one hundred eighty (180) days after the claim accrues. A.R.S. §12-821.01(A). "Any claim
27  which is not filed within one hundred eighty days after the cause of action accrues is barred
28  and no action may be maintained thereon." *Id*. A claim accrues "when the damaged party

1  realizes he or she has been damaged and knows or reasonably should know the cause source,
2  act, event, instrumentality or condition which caused or contributed to the damage." A.R.S.
3  §12-821.01(B).

4  Defendants argue that all of Plaintiff's state law claims accrued, at the latest, on
5  January 4, 2010, the date his demotion took effect, so that the notices were due by July 3,
6  2010. Per Plaintiff's First Amended Complaint, he served Defendants with their notices of
7  claims on September 22, 2010 – outside of the 180-day time period allowed by statute.
8  Defendants therefore assert that Plaintiff's state law claims fail as a matter of law.

9  Plaintiff does not dispute that his claims accrued in January of 2010. Nor does he
10 argue that he served Defendants within one hundred and eighty days of January 4, 2010.
11 Plaintiff instead contends that the time for serving the notices of claims was statutorily or
12 equitably tolled.

13 The Arizona Notice of Claim statute contains a tolling provision. That section reads
14 in pertinent part:

> Notwithstanding subsection A, any claim which must be submitted to a binding or nonbinding dispute resolution process or an administrative claims process or review process pursuant to a statute, ordinance, resolution, administrative or governmental rule or regulation, or contractual term shall not accrue for the purposes of this section until all such procedures, processes or remedies have been exhausted. The time in which to give notice of a potential claim and to sue on the claim shall run from the date on which a final decision or notice of disposition is issued in an alternative dispute resolution procedure, administrative claim or review process.

A.R.S. §12-821.01(C).

The Town of Gilbert's Personnel Rules and Town Procedures set forth the procedure for an employee to appeal an adverse personnel action, such as Plaintiff's demotion. The Rules provide that an employee must exhaust the administrative procedures set forth in the Rules before the employee can pursue any legal remedies. Town of Gilbert Personnel Rule 4.10.1.[4] Plaintiff argues that subsection (C) of A.R.S. §12-821.01 tolls the time for filing his

---

[4] Both parties cite to and the Court can take judicial notice of the public Town of Gilbert Personnel Rules and Town Procedures.

1 notice of claims because he had to exhaust his administrative remedies under the Town 2 Personnel Rules first. Plaintiff asserts he did not have to serve his notice of claims until one 3 hundred eighty (180) days after the hearing officer issued his final decision on June 11, 2010.

4 But A.R.S. §12-821.01(C) tolls only claims that *must* be submitted to an 5 administrative claim or review process. The Town of Gilbert's Personnel Rules dictate the 6 process for employees' appeals from employment decisions. The Rules do not, however, 7 regulate the process for tort claims. Because Plaintiff did not have to first exhaust his tort 8 claims through the Rules process, A.R.S. §12-821.01(C) does not toll the time for filing his 9 tort claims.

10 Nor does equitable tolling save Plaintiff's state law claims. The doctrine of equitable 11 tolling applies when "extraordinary circumstances beyond plaintiffs' control made it 12 impossible to file the claims on time." *McCloud v. State of Arizona*, 170 P.3d 691, 696 (Ariz. 13 Ct. App. 2007)(internal citations omitted). Courts have found extraordinary circumstances 14 when the applicable law lacks clarity, when an attorney affirmatively misled a diligent client, 15 *id.*, and when a defendant's affirmative acts of fraud or concealment have prevented a 16 plaintiff from either recognizing a legal wrong or from timely seeking legal redress, *Porter* 17 *v. Spader*, 239 P.3d 743, 747 (Ariz. Ct. App. 2010). Equitable tolling also may apply if a 18 plaintiff is excusably ignorant of the limitations period and the defendant would not be 19 prejudiced by the late filing. *Kyles v. Contractors/Engineers Supply Inc.*, 949 P.2d 63, 65 20 (Ariz. Ct. App. 1997).

21 Defendants have properly raised their statute of limitations affirmative defense in a 22 motion to dismiss because it appears from the face of the First Amended Complaint that 23 Plaintiff's state law claims are barred. *McCloud*, 170 P.3d at 85. Plaintiff now has the 24 burden of proving that the Court should toll A.R.S. §12-821.01(A)'s one-hundred-eighty day 25 limitation. *Id*. Whether to apply equitable tolling is a "question for the trial court, not the 26 jury . . .." *Id*. at 86 (citing *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 579 (D.C.Cir. 27 1998)("Equitable tolling and estoppel, which ask whether equity requires extending a 28 limitations period, are for the judge to apply, using her discretion, regardless of the presence

of a factual dispute.")).

The Court finds Plaintiff failed to meet his burden of proving that equitable tolling should apply. Plaintiff pleads no facts demonstrating "extraordinary circumstances" that would warrant relief from the statute of limitation. Nor does Plaintiff's argument in his Response[5] that it would have been reasonable for him to believe he was required to wait to serve until after the administrative appeal process concluded (Doc. 15, p.15) excuse his non-compliance with A.R.S. §12-821.01(A).

The Court notes that it appears Plaintiff had legal counsel throughout the investigation, decision, and appeal process, continuing to the filing of the pending case. Even if he did not have legal representation, Plaintiff was not "reasonably ignorant" of the requirements of A.R.S. §12-821.01.[6]

The Arizona Court of Appeals has held that Arizona's Notice of Claim statute, and specifically subsections (A) and (C), are not ambiguous or vague. *Stulce v. Salt River Project Agric. Improvement and Power District*, 3 P.3d 1007, 1012-13 (Ariz. Ct. App. 2000). The statute clearly tolls only claims that must be submitted to a administrative review process. Nothing in the Town of Gilbert Personnel Rules would lead Plaintiff to believe that he was allowed to, much less had to, pursue his tort claims through the administrative appeals process. The Court therefore finds that equitable tolling does not apply and that Plaintiff failed to comply with A.R.S. §12-821.01(A)'s 180-day statute of limitation. *Stulce*, 3 P.3d

---

[5] The Court notes that in deciding a motion to dismiss, the Court "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998)(internal citations omitted).

[6] Plaintiff has not submitted an affidavit regarding the reasonableness of his interpretation of A.R.S. §12-821.01(C). *See Stulce v. Salt River Project Agric. Improvement and Power District*, 3 P.3d 1007, 1015(Ariz. Ct. App. 2000)("Even more crucial to our rejection of [the excusably ignorant] argument is a complete lack of evidence tin the record to support the underlying facts necessary to establish the application of this doctrine . . . [N]o affidavit or other evidence of plaintiffs' reasonable conduct in filing suit has been presented.").

1  at 1015 ("[B]ecause we have concluded that the statutory provisions at issue here [A.R.S.
2  §12-821.01] were not unconstitutionally vague or ambiguous, we fail to see how plaintiffs
3  could establish, even on remand, that they acted reasonably in misunderstanding those
4  provisions.  This is not a case where plaintiffs were 'lulled' or 'misled' into an untimely
5  filing by the actions of the defendant; rather, it is simply a case in which plaintiffs were
6  aware of a claim they failed to pursue in a timely manner.  Under these circumstances,
7  equitable tolling simply does not apply.").

8  Because Plaintiff did not serve his notice of claims within the time prescribed by
9  statute and because neither statutory nor equitable tolling applies, the Court will grant
10 Defendants' Motion for Judgment on the Pleadings with regard to Claims Two through Six.

### §1983 CLAIM

12 Defendants argue that Plaintiff's §1983 claim also fails because he has not pleaded
13 an underlying constitutional or statutory violation.  As the Court noted above, it applies the
14 Rule 12(b)(6) legal standards to a Rule 12(c) motion.  Plaintiff therefore must do more than
15 offer naked assertions.  Plaintiff must allege sufficient factual matter, which, if accepted as
16 true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949.  Facial
17 plausibility exists if the pleader pleads factual content that allows the court to draw the
18 reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

19 Plaintiff alleges that Defendants violated 42 U.S.C. §1983.  To prevail on a §1983
20 claim, a plaintiff must prove a violation of an underlying federal right. *Tennison v. City and*
21 *County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d
22 930, 934 (9th Cir. 2002)("To prove a case under §1983, the plaintiff must demonstrate that
23 . . . the action resulted in the deprivation of a constitution right or federal statutory right.").
24 "[A]n individual may recover under §1983 only when his federal rights have ben violated."
25 *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996).  Plaintiff has not alleged
26 which underlying federal right(s) Defendants violated.  In order to state a claim that is
27 "plausible on its face," *Iqbal*, 129 S.Ct. at 1949, Plaintiff at least must allege the underlying
28 violation.

1 But, because Plaintiff has alleged facts that might state a claim for an underlying 2 constitutional violation, the Court will give Plaintiff leave to amend, rather than grant 3 judgment on the pleadings to Defendants. The Court should not grant judgment on the 4 pleadings unless it is "beyond doubt that the plaintiff can prove no set of facts in support of 5 his claim which would entitle him to relief." *Enron Oil Trading & Transp. Co. v. Walbrook* 6 *Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). Plaintiff shall have ten (10) days to file a 7 Second Amended Complaint. Because the Court has held that Plaintiff's state law claims fail 8 as a matter of law, the Second Amended Complaint shall re-allege only Plaintiff's §1983 9 claim.

10 **IT IS ORDERED** GRANTING in part and DENYING in part Defendants' Motion 11 for Judgment on the Pleadings (Doc. 11). It is ordered granting judgment to Defendants on 12 Plaintiff's state law claims – Claims Two through Six. It is ordered denying judgment to 13 Defendants on the §1983 claim – Claim One.

14 **IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint 15 within ten (10) days of the date of this Order. If Plaintiff does not file a Second Amended 16 Complaint within ten (10) days, the Clerk shall dismiss the case and enter judgment for 17 Defendants.

18 DATED this 11th day of May, 2011.

James A. Teilborg
United States District Judge